UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORBERTO ANDRADE,               )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 02-10613-DPW
                                )
MICHAEL T. MALONEY, ET AL.,     )
          Defendants.           )

MEMORANDUM AND ORDER
October 6, 2011

WOODLOCK, D.J.

I.   INTRODUCTION

On July 2, 2003, I issued a Memorandum and Order (Docket No. 4) granting plaintiff Noberto Andrade's ("Andrade") Motion for Leave to Proceed *in forma pauperis*, and assessing his filing fee obligations in accordance with the Prison Litigation Reform Act ("PLRA").[1]  *See* 28 U.S.C. § 1915(b).

Thereafter, on August 16, 2006, I granted the defendants' Motion for Summary Judgment on the grounds that Andrade had not exhausted his administrative remedies. *See* Memorandum and Order (Docket No. 53). Judgment was entered in favor of the defendants. *See* Judgment (Docket No. 54).

On August 28, 2006, Andrade filed a Notice of Appeal (Docket No. 56). On March 28, 2008, the United States Court of Appeals for the First Circuit ("First Circuit") entered

---

[1]Andrade was assessed $1.51 initial partial filing fee, with the balance of $148.49 to be paid in installments until the full statutory filing fee of $150.00 was paid.

Judgment summarily affirming my grant of summary judgment. *See* First Circuit Judgment (Docket No. 65); *Andrade v. Maloney, et al.*, No. 06-2441 (1st Cir. 2008). Mandate issued on April 24, 2008. *See* Mandate (Docket No. 66).

More than three years later, on May 13, 2011, Andrade filed a Motion to Waive the Rest of Filing Fees (Docket No. 67). In support of the motion, Andrade asserts that he is indigent and has no more funds to pay the court and still have the essentials such as clothing, food, and cosmetics. He also seeks to know how much money he has paid to date.

II. DISCUSSION

    A. <u>Status of Accounting Records of Payments by Andrade</u>

A review of the records of the Accounting Department of the District Court Clerk's Office reveals that <u>no</u> monies have been credited to Andrade's debt obligations in connection with this civil action (*i.e.* C.A. 02-10613-DPW), nor have any monies been credited toward the $455.00 appellate filing fees in connection with Andrade's appeal (*i.e.*, No. 06-2441).[2] The Court records do reflect, however, that the Accounting Department has collected $348.74 in connection with another civil action filed by Andrade, C.A. 07-11078-DPW. He currently

---

[2] The Accounting Department of the District Court Clerk's Office also is responsible for maintaining records of any filing fees paid by a litigant toward the appellate filing fee.

owes $1.26 in that case, to satisfy the $350.00 filing fee.

Generally, this Court's practice has been to collect payments from prisoners on a first-assessed -- first-credited basis. In other words, the monies paid by Andrade would normally first be credited toward the 2002 civil action filing fee ($150.00), and then the 2006 appellate fee ($455.00), with any later funds credited toward the 2007 civil action filing fee ($350.00).

It is not clear why the Accounting Department did not credit Andrade in the usual fashion. Nevertheless, I will not, *sua sponte*, direct the Accounting Department to re-credit the funds already paid by Andrade toward his 2002 civil action. Should Andrade seek to have that adjustment made, he may file a motion for leave to do so provided he does so within 21 days of the date of this Memorandum and Order.

Andrade is advised, however, that if granted, such adjustment will <u>not</u> have any substantive impact on his debt to this Court; the effect would be that the $150.00 filing fee for this action would be considered to have been paid in full, and thus there would be no need to waive "the rest" of any filing fee owed in the District Court, thereby rendering Andrade's motion (Docket No. 67) moot. Further, the balance of the monies already paid by Andrade (*i.e.*, $198.74 ($348.74 less $150.00)) would then be credited toward the $455.00 appellate

filing fee in No. 06-2441.  I do not have authority to waive the balance of the appellate filing fee, as that assessment was made by the First Circuit.  Thus Andrade would have to seek a waiver of the rest of the appellate filing fee (*i.e.*, $455.00 less the $198.74 credit) directly with the First Circuit.

Finally, any adjustment to the accounting records would ultimately result in a $350.00 balance owed by Andrade with respect to C.A. 07-11078-DPW (*i.e.*, the $348.74 credit reflected on this Court's records would then be depleted by the credit toward the 2002 and 2006 cases).  Under those circumstances, I would not authorize a waiver of that filing fee, and the assessment that I made on August 14, 2007 would remain in effect.  <u>See</u> Memorandum and Order (Docket No. 7) in C.A. 07-11078-DPW.

In enacting the PLRA, Congress has left little discretion to the courts in this area.  Under 28 U.S.C. § 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).  Accordingly, I am required to assess an initial partial filing payment and the Court is required to collect subsequent payments on an incremental basis "until the filing fees are paid."  28 U.S.C. § 1915(b)(1),(2).  *See Purkey v. Green*, 28 Fed. Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing

4

fee, however, nor does it condition payment of the filing fee on success on the merits .... Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)("Section 1915(b)(1) compels payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility." (internal citation omitted)), *overruled on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007).

One of the purposes of the filing fee requirement of the PLRA – to reduce frivolous lawsuits -- would be frustrated if a prisoner were able to obtain a waiver of the filing fee in whole or in part. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) ("The Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321, enacted in April 1996, contains provisions that should discourage prisoners from filing claims that are unlikely to succeed. Among the many new changes relating to civil suits, the statute requires all inmates to pay filing fees ...."); *Hall v. United States*, 91 Fed. Cl. 762, 678 (2010) ("By enacting section 1915, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

lawsuits." (internal quotation marks omitted)); *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)(fee provisions of the PLRA are intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." (internal quotation marks omitted)).

In other words, a waiver of the filing fee obligations, in whole or in part, would allow a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case without the adverse financial consequences associated with the filing fee. Here, Andrade has engaged the District Court's resources by filing the case and other pleadings; he has engaged the resources of the Court in reviewing and preparing various Orders. Andrade's use of Court resources is not insubstantial. The filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly. There is no basis to relieve any prisoner plaintiff, including Andrade, of the consequences of an improvident filing because he would rather use his funds in some other manner.

I also have considered that Andrade has alleged that he will suffer a hardship should he have to continue to pay the filing fees for his case(s) because he lacks funds for basic

necessities.  He fails, however, to provide his prison account
statement and a financial affidavit demonstrating that he
indeed lacks sufficient funds.  Moreover, he has failed to
provide any credible evidence that he would be unable to obtain
the basic necessities from the Souza Baranowski Correctional
Center, or from outside sources.[3]

Finally, Congress's methodology for collection of the
filing fee pursuant to 28 U.S.C. § 1915(b) ensures that not all
funds from a prisoner account will be collected to satisfy a
prisoner's filing fee obligations; thus, a prisoner would have
funds remaining in an inmate account available for purchase of
necessities in prison.  In light of this, I cannot credit that
Andrade would suffer any undue hardship by the continued
collection of his filing fee obligations.

III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion to Waive the Rest of Filing Fees
   (Docket No. 67) is <u>DENIED</u>;

2. Should plaintiff seek to have the Accounting Department
   adjust his records to reflect payments made in connection
   with C.A. 07-11078-DPW credited toward the filing fees
   owed in both this civil action and his appellate action,
   he must file a motion within 21 days of the date of this

---

[3]Moreover, a review of Andrade's prison account statement in 2007 indicates that he was receiving funds from friends or family.  *See* Docket No. 6-2 in C.A. 07-11078-DPW.  Andrade does not claim that he no longer has any outside source of income that could be used to purchase necessities.

7

Memorandum and Order; and

3. The Clerk also shall enter this Order in C.A. 07-11078-DPW.


SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE